UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRELL D. PEREZ,<br><br>                              Plaintiff,<br><br>                -against-<br><br>N.Y.C. CORRECTION COMMISSIONER<br>LOUIS MOLINA,<br><br>                              Defendant. | 23-CV-0801 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is in pretrial detention on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that he has been held in solitary confinement on two occasions, in violation of his constitutional rights and New York state law. He also asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

The Court has subject matter jurisdiction of Plaintiff's federal claims under the federal question statute, 28 U.S.C. § 1331, and his state law claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367. By order dated March 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Louis Molina, the Commissioner of the New York City

Department of Correction ("DOC"), regarding the Commissioner's testimony before the New

York City Council. Plaintiff alleges that "Correction Commissioner Louis Molina has been lying

to the N.Y.C. Council members by claiming that no detainees on Rikers Island are being

subjected to solitary confinement."[2] (ECF 2, at 4.) Plaintiff contends that he has "been subjected

to being locked in a cell or cage 24/7 with little to no human contact." (*Id.*) He also alleges this

confinement occurred from July 10, 2022, to August 10, 2022, and on January 21, 2023. Plaintiff

describes the events leading up to his January 21, 2023, confinement as follows:

> I was brought to the yard and upon entry the C.O.'s tried to place me in a solitary
> confinement cage. However I told them I do not consent to cruel and unusual
> punishment without proper due process of the law, being that I have no
> disciplinary reason to be in such a cage. They called Captain Mullbrau, Captain
> Smith, and Dept. Boatweather who also tried to place me in a solitary
> confinement cage on orders from Commissioner Molina, without any judge case
> or proper due process of the law.

---

[2] The Court quotes from the complaint and all spelling, grammar, and punctuation are as
in the original, unless noted otherwise.

(*Id.*) Plaintiff alleges that during his solitary confinement, he experienced "severe mental anguish . . . [and it] caused me to attempt to take my life by cutting my [wrist]." (*Id.*)

Plaintiff asserts that his treatment in solitary confinement violated his rights under the Fourteenth Amendment. He also asserts that, as "a wheelchair bound paraplegic" with "absolutely nothing for [him] . . . to do in a solitary confinement cage," his "rights under the [ADA] were also violated." (*Id.* at 5.) Plaintiff describes his treatment in solitary confinement as discriminatory.

Finally, Plaintiff argues that his treatment by Commissioner Molina and correction officials violated the Humane Alternatives to Long-Term Solitary Confinement ("HALT") Act, an amendment to New York Correction Law § 137(2)(34). He asserts claims under the Eighth Amendment's Cruel and Unusual Punishments Clause and the Fifth Amendment's Due Process Clause. He seeks money damages.

## DISCUSSION

### A.    Claims Against Commissioner Molina

Plaintiff's claims against Commissioner Molina in his official capacity can be construed as claims against the City of New York because the claims concern DOC's segregated housing policy and practice.[3] *See, e.g.*, *Nassau County Emp. "L" v. County of Nassau*, 345 F. Supp .2d

---

[3] The complaint does not suggest that Plaintiff is suing Commissioner Molina in his personal capacity because he does not allege facts showing Molina's direct and personal involvement in violating his constitutional rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Moreover, Molina may not be held liable under Section 1983 solely because he employs or supervises a person who violated Plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti*

293, 298 (E.D.N.Y. 2004) (noting that "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Thus, to be viable under Section 1983, the claims brought against Commissioner Molina must suggest that a DOC policy, custom, or practice caused the violation of his constitutional right.

## B.     Fourteenth Amendment

The Court construes Plaintiff's claims regarding his segregation, as asserting a conditions of confinement claim under the Fourteenth Amendment to the United States Constitution. *See*

---

*v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). The Court therefore only construes the complaint as asserting official capacity claims.

*Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (noting that the Fourteenth Amendment applies to individuals who are in pretrial detention and the Eighth Amendment applies to individuals who are incarcerated pursuant to a judgment of conviction).

To state a conditions of confinement claim under the Fourteenth Amendment, a plaintiff must allege facts suggesting that a condition is objectively serious and that a defendant "should have known that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). For the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citations omitted). "Thus, prison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted).

Moreover, "if the particular conditions of segregation being challenged are such that they inflict a serious mental illness, greatly exacerbate mental illness, or deprive inmates of their sanity, then defendants have deprived inmates of a basic necessity of human existence." *Suarez v. Annucci*, No. 20-CV-7133 (VB), 2021 WL 6065765, at *8 (S.D.N.Y. Dec. 21, 2021) (quoting *Madrid v. Gomez*, 889 F. Supp. 1146, 1264 (N.D. Cal. 1995) (internal citation marks omitted).

For the subjective element, a plaintiff must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. The mere negligence of a correction official is not a basis for a

claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges that, on two occasions, correction officials placed him in solitary confinement, or attempted to place him in such segregation. As to the first episode, which began in July 2022, he states that he was segregated for one month, but he does not name the individual correction officers who placed him in segregation. He also does not allege facts detailing the nature of his segregation or what led to his being segregated. The Court therefore grants plaintiff leave to amend his complaint to detail this segregation and add as defendants those correction officials he claims were responsible for his being segregated.

As for the second episode, it is unclear whether officials ever placed Plaintiff in segregation; he alleges that he protested the segregation, but he does not state what occurred after he complained and whether correctional staff segregated him following his protest. Accordingly, the Court also grants Plaintiff leave to detail this segregation as well, including by adding the individual correction officers he contends violated his rights.

**C.    Claims under Title II of the Americans with Disabilities Act**

The Court construes Plaintiff's complaint as asserting claims of disability discrimination under Title II of the ADA.[4] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

---

[4] Courts have held that the ADA does not provide for liability of individuals in their individual capacities. *See, e.g.*, *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001). Plaintiff's claims are brought against Commissioner Molina in his official capacity, and therefore, are brought against the municipality, not the individual.

discrimination by any such entity."[5] 42 U.S.C. § 12132. *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)).

To state a claim under Title II of the ADA, the plaintiff must allege that (1) the plaintiff is a qualified individual with a disability; (2) the defendant is subject to the ADA or the Rehabilitation Act; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability. *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)).

Here, although Plaintiff alleges that his treatment in solitary confinement, as a wheelchair bound paraplegic, was discriminatory, he does not state facts describing how it was discriminatory. For example, he does not allege that (1) he was denied the opportunity to participate in or benefit from any services, programs, or activities, by reason of his disability, and that (2) other individuals in solitary confinement, who were not disabled, had access to such services, programs, or activities. Accordingly, the Court grants Plaintiff leave to amend the claims he seeks to bring under the ADA.

**D.     Rehabilitation Act**

The Rehabilitation Act also prohibits disability discrimination, but by entities receiving federal funding. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (quotation marks omitted). The standard for Rehabilitation Act claims is generally the same as for ADA claims, with the additional requirement that defendants must receive federal funding. *Id.* The Court

---

[5] The City of New York, as a local government, is a "public entity" under Title II of the ADA. *See* 42 U.S.C. § 12131(1)(A).

therefore construes the complaint as also asserting claims under the Rehabilitation Act and grants

Plaintiff leave to assert disability discrimination claims under the Act.

## E.     The HALT Act

Plaintiff refers to the HALT Act, a New York State law, which took effect on March 31,

2022, and amends the standards in N.Y. Corr. Law § 137 governing treatment, control, and

discipline at correction facilities, including the jails on Rikers Island.[6]

> The HALT Act limits segregated confinement [footnote omitted] to fifteen
> consecutive days and twenty days within any sixty-day period. N.Y. Correct. Law
> § 137(6)(i). It also bans segregated confinement for individuals who are twenty-
> one years or younger or fifty-five years or older; with a physical, mental, or
> medical disability; or who are pregnant, in the first eight weeks of post-partum
> recovery period, or caring for a child while in a correctional institution. *Id.* at
> §§ 2(33), (6)(h). For individuals who cannot enter segregated confinement, the
> HALT Act creates Residential Rehabilitation Units ("RRUs"), which are
> "therapeutic and trauma-informed, and aim to address individual treatment and
> rehabilitation needs and underlying causes of problematic behaviors." *Id.* at
> § 2(34). Pursuant to the HALT Act, individuals in segregated confinement receive
> four hours of out of cell programming, including one hour for recreation, and
> individuals in RRUs receive at least six hours of out of cell programming with an
> additional hour for recreation. *Id.* at § 137(6)(j)(ii).

*New York State Corr. Officers & Police Benevolent Ass'n, Inc. v. Hochul*, 607 F. Supp. 3d 231,

236 (N.D.N.Y. 2022).

Some district courts have held that a plaintiff has a private right of action under Section

137. *See, e.g.*, *Suarez v. Annucci*, No. 20-CV-7133 (VB), 2021 WL 6065765, at *13 (S.D.N.Y.

Dec. 21, 2021) (holding that, for claims involving a prisoner with serious mental illness who had

been confined in segregated housing, "Section 137(6) does include a private right of action

consistent with the legislative purposes and scheme"). *But see Correa v. Lynch*, No. 20-CV-2875

(PMH), 2021 WL 2036697, at *8 (S.D.N.Y. May 20, 2021) (holding that there is no private right

---

[6] The Court has jurisdiction of this claim under the supplemental jurisdiction statute, 28
U.S.C. § 1367.

of action allowing a prisoner to sue for a violation of N.Y. Corr. Law § 137(5), which prohibits "degrading treatment" or most corporal punishment).

The Court grants Plaintiff leave to assert facts in support of his claim that Commissioner Molina violated Plaintiff's rights, as recognized under the HALT Act.

## F.    Commissioner Molina's Testimony Before the New York City Council

Plaintiff brings a claim against Commissioner Molina, regarding his testimony before the City Council. As explained below, Plaintiff does not have standing to bring this claim.

The jurisdiction of the federal courts is limited to resolving "cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). Standing to bring a lawsuit is a threshold requirement that prevents a plaintiff from bringing claims before a court unless there is a case or controversy. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("[W]hether the plaintiff has made a 'case or controversy' . . . within the meaning of Article III . . . is the threshold question in every federal case, determining the power of the court to entertain the suit."); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

Standing requires a plaintiff to show "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (internal quotation marks omitted); *accord Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The burden of establishing standing to sue rests with the party bringing the action, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and "[a] plaintiff must demonstrate standing for each claim he seeks to press," *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Plaintiff asserts that Commissioner Molina testified falsely, before the New York City Council, that the DOC did not unlawfully segregate individuals in solitary confinement. This claim does not show that the allegedly false testimony caused Plaintiff to suffer any injury.

Rather, the injury he complains of in this action was caused by DOC officials placing him in segregation, which he asserts violated the United States Constitution and the HALT Act. The Court therefore dismisses, for lack of subject matter jurisdiction, Plaintiff's claim against Commissioner Molina regarding the Commissioner's testimony before the New York City Council.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid conditions of confinement claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

### A.     John or Jane Doe Defendants

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[7] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.  If Plaintiff does

---

[7] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[8] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.[9]

**B.     Statement of Claim**

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[8] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty July 10, 2022, at Rikers Island, West Facility."

[9] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## C.   NYLAG

Plaintiff may consult the legal clinic maintained in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any pro se party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint setting forth his conditions of confinement claims that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-0801 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file his amended complaint within the time

allowed, and he cannot show good cause to excuse such failure, the conditions of confinement

claims will be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff's

claim relating to Commissioner Molina's testimony is dismissed for lack of subject matter

jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 20, 2023
            New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

# NYLAG
### New York   Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
## SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II.   FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.


_____                    _____
Signature                                                  Date




**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NYLAG**
New York | Legal Assistance Group

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)**_____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

