USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/25/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JARRELL D. PEREZ,

           Plaintiff,

-against-

LOUIS MOLINA, et al.,

           Defendants.

23-CV-801 (JHR) (BCM)

**ORDER OF SERVICE**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons set forth below, the Court directs service of a summons and plaintiff's Amended Complaint (Dkt. 8) on Captain Shaw, Badge #1683.

Plaintiff, currently incarcerated in the Franklin Correctional Facility in Malone, New York, brings this *pro se* action against various individuals affiliated with the New York City Department of Correction (DOC), alleging violations of his constitutional rights as well as state law. Plaintiff filed his original Complaint on January 30, 2023. (Dkt. 2.) On March 14, 2023, the Court granted plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). (Dkt. 4.) On September 22, 2023, plaintiff filed an amended complaint. (Dkt. 8.)

On October 17, 2023, the Court entered an Order of Service and requested that the individual defendants, all of whom are or were officers or employees of the DOC, waive service of the summons and complaint. (*See* Dkt. 11 at 3.) However, on November 15, 2023, the DOC declined to waive service on behalf of defendants "Captain Mulbrav," "Captain Smith," and "Captain Shaw," asserting that the agency did not have an employee named "Mulbrav" and that it required more information to identify the correct "Captain Smith" and "Captain Shaw." (Dkt. 14.) At a case management conference on April 4, 2024, the New York City Law Department (Law Department) reaffirmed that the DOC lacked sufficient information to identify these defendants.

On April 5, 2024, the Court ordered plaintiff to provide more detailed descriptions of the individual defendants in order to assist the Law Department and the DOC in identifying them. (Dkt. 23.)

Thereafter, plaintiff submitted detailed descriptions of the three DOC officers he seeks to sue. (Dkt. 25.) On May 21, 2024, the Law Department identified the three individuals – Correction Officer Smith, Badge #1651; Correction Officer Shaw, Badge #1683; and Correction Officer Mullgrav, Badge #1679. (Dkt. 26.) On June 20, 2024, the Court received the DOC's waivers of service as to defendants Mullgrav and Smith. (Dkt. 24.) However, on June 21, 2024, the Law Department advised the Court that the DOC "is unable to waive service for Captain Shaw because he is no longer actively employed" at the DOC but that he can be served at Legal Division, New York City Department of Correction, 75-20 Astoria Blvd S, Suite 305, E. Elmhurst, NY, 11370. (Dkt. 36.) It is not clear to this Court why the DOC is authorized to accept service on behalf of Captain Shaw but is not authorized to waive service on his behalf.

Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App' x 50, 52 (2d Cir. 2010) ("As

long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow plaintiff to effect service on defendant Shaw through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Shaw at the following address: Legal Division, New York City Department of Correction, 75-20 Astoria Blvd S, Suite 305, E. Elmhurst, NY, 11370. The Clerk of Court is further instructed to (1) issue a summons which includes this address and (2) deliver to the U.S. Marshals Service a copy of this order, the summons, and all other paperwork necessary for the U.S. Marshals Service to effect service on Shaw.

Dated: New York, New York
       June 25, 2024

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**