```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JARRELL D. PEREZ,

        Plaintiff,

   -against-

LOUIS MOLINA, et al.,

        Defendants.

23-CV-801 (JHR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed plaintiff's application dated April 1, 2025 (Dkt. 83), requesting the appointment of pro bono counsel.

In civil cases like this one (unlike criminal cases), there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Id.* at 172. As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61.

The Court has applied these factors, and determines that plaintiff's application for the appointment of counsel must be DENIED, without prejudice to renewal should the case proceed beyond summary judgment. The situation in which plaintiff finds himself (litigating a case at the summary judgment stage while incarcerated), while difficult, is not unique. Unfortunately, volunteer attorney time is a precious commodity and, thus, the Court cannot grant requests for pro bono counsel to every litigant in plaintiff's situation. *Cooper*, 877 F.2d at 172.

Dated: New York, New York
April 23, 2025

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**